AES:KTF/SME
F. # 2016R001900

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

   - against -

  JASON PELTZ,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

20-CV-6199 (PKC)

GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF
APPLICATION TO INTERVENE AND TO STAY CIVIL PROCEEDINGS

                                                MARK J. LESKO
                                                Acting United States Attorney
                                                Eastern District of New York
                                                271 Cadman Plaza East
                                                Brooklyn, New York 11201

KAITLIN T. FARRELL
SARAH M. EVANS
Assistant U.S. Attorneys
Eastern District of New York
  (Of Counsel)

PRELIMINARY STATEMENT

The government respectfully submits this memorandum of law in support of its motion to intervene in the above-captioned civil case ("Civil Case") and to stay civil proceedings because of the pendency of the parallel criminal case, United States v. Jason Peltz, 21-CR-154 (NGG) ("Criminal Case"), which has been filed in this district,[1] and a related, ongoing grand jury investigation. The same underlying facts are at issue in both the Civil and Criminal Cases.

Peltz has advised the government through his counsel that he does not object to a stay of the Civil Case. The government has also consulted with the U.S. Securities and Exchange Commission ("SEC"), which takes no position on the government's motion.

A stay of proceedings is appropriate because the government's motion is timely and the same fraudulent scheme is alleged in both the Civil and Criminal Cases. Moreover, a stay of proceedings is necessary, as Peltz should not be permitted to use discovery in the Civil Case to avoid the restrictions on criminal discovery that would otherwise apply in the Criminal Case. A stay is also necessary to preserve the secrecy of the ongoing grand jury proceedings and would promote judicial economy. Accordingly, the United States respectfully requests that the Court: (1) permit the government to intervene pursuant to Federal Rule of Civil Procedure 24; and (2) order, pursuant to the Court's inherent power, that proceedings in the Civil Case be stayed until the conclusion of the related Criminal Case and the ongoing grand jury investigation.

---

[1] Shortly before filing this motion, the government filed a related-case letter pursuant to Local Rule 50.4 alerting the court that the Civil and Criminal Cases allege the same underlying facts and requesting that both cases be reassigned to one judge.

1

## FACTUAL BACKGROUND

I. <u>The Civil Case</u>

On December 22, 2020, the SEC filed a complaint ("SEC Complaint") (Docket No. 1) against the defendant Jason Peltz. The SEC Complaint alleges the following, in sum and substance and in part:

- In February 2016, Peltz obtained material nonpublic information ("MNPI") from an insider at Ferro Corporation ("Ferro," identified by stock ticker "FOE") about a potential takeover offer (the "Ferro Takeover Bid").

- Peltz used that MNPI to profitably trade in Ferro in the brokerage accounts of two co-conspirators and tip certain other co-conspirators, each of whom also profitably traded on MNPI about the Ferro Takeover Bid.

- On March 15, 2016, a reporter at a financial publication wrote an article making public the news of the Ferro Takeover Bid, which resulted in an increase in the price of Ferro's stock.

- Peltz and the Ferro insider each received significant financial benefits from other co-conspirators shortly after Peltz traded in the co-conspirators' brokerage accounts.

<u>See</u> SEC Compl. ¶¶ 1-4.

II. <u>The Criminal Case</u>

On December 18, 2020, the Honorable Lois Bloom, United States Magistrate Judge in the Eastern District of New York, signed a criminal complaint (the "Criminal Complaint") and arrest warrant charging Peltz with one count of securities fraud based on substantially the same conduct as that alleged in the SEC Complaint. <u>See</u> <u>United States v. Peltz</u>, 20-MJ-1238 (LB). On March 23, 2021, a grand jury sitting in the Eastern District of New York returned a ten-count indictment (the "Indictment") charging Peltz with securities fraud, conspiracy to commit securities fraud, money laundering, money laundering conspiracy, false statements and tax evasion. <u>See</u> <u>United States v. Peltz</u>, 21-CR-154 (NGG). The Indictment alleges the same conduct set forth in

the SEC Complaint and also includes additional charges related to Peltz's illegal trading in four other stocks (MDVN, INCR, RRD and CYH) (together with FOE, the "Traded Companies"), illegal money transfers between Peltz and co-conspirators and false statements Peltz made to the Internal Revenue Service ("IRS") and Federal Bureau of Investigation ("FBI") during the course of the conspiracy. The government's investigation is ongoing.

ARGUMENT

POINT ONE

INTERVENTION IS APPROPRIATE

I. Applicable Law

Rule 24 of the Federal Rules of Civil Procedure provides that a party may intervene in a civil action either as a matter of right or on a permissive basis. Either avenue justifies intervention by the United States in the present action. See In re Air Cargo Shipping Servs. Antitrust Litig., M.D.L. No. 1775, No. 06-MD-1775, 2010 WL 5027536, at *1, *3 (E.D.N.Y. Dec. 3, 2010) (granting intervention motion, noting that "[w]hether as of right under Rule 24(a) or by permission under Rule 24(b), courts in the Second Circuit have routinely granted motions made by prosecuting authorities seeking to intervene in civil actions for the purpose of obtaining stays of discovery").

Federal Rule of Civil Procedure 24(a) provides that a person may intervene as of right when the applicant:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).  Intervention is appropriate under Federal Rule of Civil Procedure 24(a) if the application is timely, the party has an interest in the transaction, the action may impede the party's ability to protect that interest and the party's interests are not adequately represented in the action.  See Cascade Natural Gas Co. v. El Paso Natural Gas Co., 386 U.S. 129, 132-36 (1967) (permitting Rule 24(a) intervention by State of California in antitrust case to protect state's "interest" in promoting competition in California); Mastercard Int'l, Inc. v. Visa Int'l Serv. Ass'n, 471 F.3d 377, 389 (2d Cir. 2006).

Additionally, a court may permit intervention when an applicant files a timely motion and has a "claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  Intervention under Federal Rule of Civil Procedure 24(b) is "wholly discretionary with the trial court."  United States Postal Service v. Brennan, 579 F.2d 188, 191 (2d Cir. 1978).  In exercising their discretion, courts consider the nature and extent of the intervener's interests, whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties, and whether the interests of the proposed intervener are adequately represented by the existing parties.  See Berroyer v. United States, 282 F.R.D. 299, 302-03 (E.D.N.Y. 2012); Miller v. Silbermann, 832 F. Supp. 663, 673-74 (S.D.N.Y. 1993); SEC v. Shkreli, No. 15-CV-7175 (KAM), 2016 WL 1122029, at *3 (E.D.N.Y. Mar. 22, 2016) (granting permissive intervention because there were "significant overlaps between the SEC complaint and the . . . criminal case" and "[b]oth actions share a great number of common legal and factual questions"); SEC v. Platinum Mgmt. (NY) LLC et al., No. 16-CV-6848 (DLI), 2017 WL 2915365, at *3 (E.D.N.Y. July 7, 2017) ("Platinum") (granting permissive intervention because there was "significant overlap" between the civil proceeding and the criminal case and "[b]oth actions share common legal and factual questions").

II.     Discussion

The Court should allow the United States to intervene in the Civil Case under Rule 24. The government's motion is timely, as it has been filed before Peltz has answered the SEC Complaint or any discovery has taken place in the Civil Case. Thus, no party has suffered prejudice. Moreover, the same fraudulent scheme is alleged in both the Civil and Criminal Cases.

When government prosecutors have advised courts that they are conducting criminal prosecutions or investigations of individuals involved in a pending civil action, the courts have routinely permitted the government to intervene to request a stay of proceedings or discovery in the ongoing civil cases. See, e.g., SEC v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988) (permitting government intervention to seek stay of civil discovery in SEC action pending completion of a criminal investigation involving the same underlying facts was not an abuse of discretion under either Rule 24(a) or Rule 24(b)); see also SEC v. Doody, 186 F. Supp. 2d 379, 381 (S.D.N.Y. 2002); Bridgeport Harbour Place I, LLC v. Ganim, 269 F. Supp. 2d 6, 8 (D. Conn. 2002); SEC v. Downe, No. 92 Civ. 4092 (PKL), 1993 WL 22126, at *11 (S.D.N.Y. Jan. 26, 1993); Twenty First Century Corp. v. LaBianca, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992).

Intervention is warranted as a matter of right under Rule 24(a)(2) in light of the strong interest of the government and the public in the enforcement of criminal laws. See, e.g., Cascade Natural Gas Co., 386 U.S. at 132-36 (permitting intervention as of right by state in antitrust proceedings because of public interest in effective competition); SEC v. Realty & Improvement Co., 310 U.S. 434, 458-60 (1940) (SEC should have been permitted to intervene in bankruptcy proceeding because resolution of that proceeding might "defeat the public interests which [the SEC] was designated to represent"). That interest could be substantially impaired if

civil proceedings were allowed to continue in this matter before the resolution of the Criminal Case, as explained in Point Two below.

Courts have specifically recognized that the government "has a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter." Chestman, 861 F.2d at 50; see also Morris v. Am. Fed'n of State, County & Mun. Employees, No. 99 Civ. 5125 (SWK), 2001 WL 123886, at *1 (S.D.N.Y. Feb. 9, 2001) (permitting District Attorney to intervene in civil action to request stay of discovery); Bd. of Governors of the Fed. Reserve Sys. v. Pharaon, 140 F.R.D. 634, 638 (S.D.N.Y. 1991) (same); First Merchs. Enter., Inc. v. Shannon, No. 88 Civ. 8254 (CSH), 1989 WL 25214, at *2-*3 (S.D.N.Y. Mar. 16, 1989) (allowing United States Attorney to intervene in civil action).

Intervention is also warranted as an exercise of this Court's discretionary authority because Peltz is charged with engaging in essentially the same scheme in the Criminal Case as in the Civil Case. Indeed, as described above, there is substantial overlap in the core factual allegations underlying this action and the factual questions that likely will be resolved in the Criminal Case. The United States seeks only a stay of the proceedings, and its intervention will not alter the parties' respective positions. In fact, proceedings in the Criminal Case may benefit the civil parties by bringing out facts relevant to the Civil Case and streamlining the ensuing litigation. Accordingly, this Court should permit the government to intervene.

POINT TWO

THE COURT SHOULD GRANT A STAY OF CIVIL PROCEEDINGS

I.    Applicable Law

District courts have the inherent authority to stay their own civil proceedings. See Landis v. N. Am. Co., 299 U.S. 248 (1936). A stay of proceedings and discovery in a civil case is particularly appropriate where, as here, a criminal indictment has been filed. See Doody, 186 F. Supp. 2d at 381 ("Once an indictment has been returned, the government often moves for and frequently obtains relief preventing a criminal defendant from using parallel civil proceedings to gain premature access to evidence and information pertinent to the Criminal Case."); Twenty First Century Corp., 801 F. Supp. at 1011 ("[C]ourts are more likely to grant [a stay] when an indictment has already been issued."). Pursuant to this discretionary authority, courts may decide to stay civil proceedings, postpone civil discovery, or impose protective orders. See SEC v. Dressler, 628 F.2d 1368, 1375 (D.C. Cir. 1980).

In determining whether to exercise its discretion to stay the civil proceedings, the Court should balance the following considerations (referred to herein as the "six factors"):

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

Hicks v. City of N.Y., 268 F. Supp. 2d 238, 241 (E.D.N.Y. 2003); see also Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 99 (2d Cir. 2012) (recognizing district courts' application of the six factors in this context, noting that such balancing tests "act as a rough guide for the district court as it exercises its discretion," and opining that court's decision whether to grant stay of civil

case "ultimately requires and must rest upon a particularized inquiry into the circumstances of, and the competing interests in, the case" (internal quotation marks and citation omitted)).

Many courts in the Second Circuit have acknowledged that the filing of an indictment in the criminal case—as has occurred here—weighs heavily in favor of a stay of the parallel civil case, as identified in the "status of the case" factor. See, e.g., Hicks, 268 F. Supp. 2d at 241, 242 (observing that "the strongest argument for granting a stay is where a party is under criminal indictment" because proceeding in both cases could prejudice one or both cases); SEC v. McGinnis, Case No. 14 Civ. 6, 2016 WL 591764, at *3-*4 (D. Vt. Feb. 12, 2016) (discussing how "status of the case" factor weighs in favor of stay when criminal indictment is imminent or has been filed, and granting defendant's request for stay of parallel SEC action over SEC's objection); SEC v. One or More Unknown Purchasers of Securities of Global Indus., Ltd., No. 11 Civ. 6500 (RA), 2012 WL 5505738, at *3 (S.D.N.Y. Nov. 9, 2012) (same, and granting government's motion for stay over defendant's objection); accord Volmar Distributors, Inc. v. New York Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (noting that "[t]he strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter").

In many recent decisions in this circuit and others, courts have granted a government motion for a complete stay of civil discovery in a parallel SEC case, even over a defendant's objection. See, e.g., Platinum, 2017 WL 2915365, at *6 (noting that "numerous courts in this Circuit have granted complete stays of SEC actions during the pendency of a parallel criminal case, even over a defendant's objections," and granting government's stay motion); Shkreli, 2016 WL 1122029, at *7 (observing that "numerous courts both in this circuit and others—as the government correctly points out—have granted complete stays of SEC actions during the pendency of parallel criminal proceedings, even over a defendant's objection," and

8

granting government's stay motion); Order Granting Mot. to Intervene & Stay Discovery, SEC v. Dubovoy, No. 15 Civ. 06076 (MCA-MAH) (D.N.J. Jan. 29, 2016) (Dkt. No. 240) (granting government's request for complete stay of SEC action over objection of two fugitive defendants indicted in parallel criminal cases in District of New Jersey and Eastern District of New York); Dubovoy, Dkt. No. 152-1; Global Indus., Ltd., 2012 WL 5505738, at *4 (granting government's request for complete stay of SEC action over objection of corporate defendant); SEC v. Gordon, No. 09 Civ. 61 (CVE) (FHM), 2009 WL 2252119, at *5-6 (N.D. Okla. July 28, 2009) (finding that criminal defendant failed to demonstrate how he would be prejudiced by stay and granting government's request for complete stay of SEC action); SEC v. Nicholas, 569 F. Supp. 2d 1065, 1069-73 (C.D. Cal. 2008) (finding that, over objection of individual indicted defendants, "complete stay of the civil case is in the best interest of justice").

In particular, in Platinum, the Honorable Dora L. Irizarry concluded that the circumstances of the civil proceeding and the criminal case strongly favored a stay of all civil proceedings. Specifically, Chief Judge Irizarry held that "[t]he substantial overlap of the issues and events in both cases, the post-indictment status of the criminal case, the SEC's lack of opposition to the Government's proposed stay, the extensive discovery provided to the Individual Defendants in the criminal matter, the Court's interest in the effective resolution of both proceedings, and the strong public interest in criminal justice all favor a complete stay of the civil action." Platinum, 2017 WL 2915365, at *7. Likewise, the Honorable Kiyo A. Matsumoto concluded in Shkreli that a balancing of the six factors "overwhelmingly favor[ed] a stay" where: (1) there was a "substantial overlap of the issues" in the criminal and civil cases; (2) the criminal case had proceeded past the point of indictment as to both defendants; (3) the SEC did not oppose the government's proposed stay; (4) the court had an "interest in the efficient resolution of the two

9

proceedings"; and (5) there was a "strong public interest in vindication of the criminal law." Shkreli, 2016 WL 1122029, at *7.

II.  Discussion

  A.  The Circumstances Presented in This Case Favor Granting the Requested Stay

This case presents similar circumstances to those found dispositive by other courts that have decided to grant a stay of a civil case during the pendency of parallel criminal proceedings: (1) the significant overlap between the parallel criminal and civil proceedings; (2) the public's interest in the "effective prosecution of those who violate the securities laws"; and (3) the Court's interest in judicial economy and the desire to safeguard the criminal case from "the specific concerns against which the restrictions on criminal discovery are intended to guard," including the risk that disclosures in the parallel civil case beyond the scope permitted in the criminal case would lead to "perjury and manufactured evidence" and the "revelation of the identity of prospective witnesses." Global Indus., Ltd., 2012 WL 5505738, at *3-*6; see also Gordon, 2009 WL 2252119, at *5-*6; Nicholas, 569 F. Supp. 2d at 1069-73; Platinum, 2017 WL 2915365, at *7; Shkreli, 2016 WL 1122029, at *7.

  B.  A Stay Will Prevent Unfair Prejudice to the Government

A stay of the civil proceedings is appropriate to prevent Peltz from taking unfair advantage of broad civil discovery rules in the Civil Case to avoid the restrictions that would otherwise pertain to him in the Criminal Case. The Second Circuit has recognized that the government has "a discernible interest in intervening in order to prevent discovery in [a] civil case from being used to circumvent the more limited scope of discovery [available] in [a] criminal matter." Chestman, 861 F.2d at 50. The vastly different rules that apply to discovery in civil and criminal cases are an important reason for staying civil proceedings and discovery when

10

parallel criminal proceedings are pending. See, e.g., Bridgeport Harbour Place I, LLC, 269 F. Supp. 2d at 10 ("Courts are very concerned about the differences in discovery afforded to parties in a civil case and those of a defendant in a criminal case."); Twenty First Century Corp., 801 F. Supp. at 1010 (granting stay, in part, because "[a]llowing civil discovery to proceed . . . may afford defendants an opportunity to gain evidence to which they are not entitled under the governing criminal discovery rules"); SEC v. Beacon Hill Asset Management LLC, No. 02 Civ. 8855, 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (in context of request for stay of civil discovery due to pending criminal investigation, "the principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases"); Phillip Morris Inc. v. Heinrich, No. 95 Civ. 0328, 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (without stay, targets "may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules"); Pharaon, 140 F.R.D. at 639 ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery . . . .") (citations omitted).

Unlike in a civil case, a criminal defendant is not ordinarily entitled to depose prosecution witnesses, much less engage in the type of far-ranging inquiry permitted by the civil rules. See, e.g., Fed. R. Crim. P. 15(a). Nor is a criminal defendant permitted to obtain documents containing witnesses' prior statements before trial. See 18 U.S.C. § 3500; Fed. R. Crim. P. 16(a).

Discovery in criminal cases is narrowly circumscribed for important reasons entirely independent of any generalized policy of restricting the flow of information to defendants. Three major reasons regularly identified by the courts in justifying narrow criminal discovery are

11

that: (1) the broad disclosure of the essentials of the prosecution's case may lead to perjury and manufactured evidence; (2) the revelation of the identity of prospective witnesses may create the opportunity for intimidation; and (3) the criminal defendants may unfairly surprise the prosecution at trial with information developed through discovery, while the self-incrimination privilege would effectively block any attempts by the government to discover relevant evidence from the defendants. Nakash v. U.S. Dep't of Justice, 708 F. Supp. 1354, 1366 (S.D.N.Y. 1988); see also Campbell v. Eastland, 307 F.2d 478, 487 n.12 (5th Cir. 1962); Raphael v. Aetna Cas. & Sur., 744 F. Supp. 71, 75 (S.D.N.Y. 1990); Founding Church of Scientology v. Kelley, 77 F.R.D. 378, 381 (D.D.C. 1977). These concerns are heightened where, as here, the government is conducting an ongoing investigation into additional, related conduct.

Here, discovery by Peltz of the notes of interviews of witnesses, or the taking of such witnesses' depositions, would undoubtedly provide information to Peltz not otherwise discoverable in the Criminal Case, and shed light on the strategies and progress of the ongoing grand jury investigation as well as any resulting prosecution. Such discovery would thus enhance Peltz's ability to manufacture evidence or tailor testimony, and otherwise severely hamper the government's ability to conduct an orderly investigation and prosecution.

As the government will suffer irreparable prejudice if Peltz is permitted to obtain broad civil discovery—such as deposition and interrogatory discovery—prior to the conclusion of the criminal proceeding, the requested stay should be granted.

C.  A Stay Would Serve the Public Interest in Criminal Law Enforcement

It is well-settled that "a trial judge should give substantial weight to [the public interest in law enforcement] in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities." Campbell, 307 F.2d at 487;

see also In re Ivan F. Boesky Sec. Litig., 128 F.R.D. 47, 48 (S.D.N.Y. 1989). Indeed, one court has observed that "where both civil and criminal proceedings arise out of the same or related transactions, the government is ordinarily entitled to a stay of all discovery in the civil action until disposition of the criminal matter." United States v. One 1964 Cadillac Coupe DeVille, 41 F.R.D. 352, 353 (S.D.N.Y. 1966).

Stays of proceedings and discovery in civil actions reflect a recognition of the vital interests at stake in a criminal prosecution. See, e.g., United States v. Kordel, 397 U.S. 1, 12 n.27 (1970) ("Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution"). Stays have been granted to halt civil litigation that threatened to impede criminal investigations that had yet to yield an indictment. For example, stays have been granted to avoid interference in investigations relating to tax fraud, see, e.g., Campbell, 307 F.2d at 480, insider trading, see, e.g., Chestman, 861 F.2d at 50; Downe, 1993 WL 22126, at *1, insurance fraud, see, e.g., Raphael, 744 F. Supp. at 73, bank fraud, see, e.g., Pharaon, 140 F.R.D. at 639, customs violations, see, e.g., R.J.F. Fabrics, Inc. v. United States, 651 F. Supp. 1437 (U.S. Ct. Int'l Trade 1986), and immigration fraud, see, e.g., Souza v. Shiltgen, No. C-95-3997 MHP, 1996 WL 241824, at *1 (N.D. Cal. May 6, 1986).

A stay is especially appropriate here because Peltz has already been indicted in the Criminal Case for engaging in the same activities that are the subject of the Civil Case. The criminal prosecution will therefore vindicate substantially the same public interest as that underlying the SEC's civil action, namely, preventing securities fraud engaged in by Peltz as part of his insider trading scheme. See, e.g., Volmar Distrib., Inc. v. N.Y. Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (criminal prosecution would serve to advance public interest in preserving

13

integrity of competitive markets). see also Shkreli, 2016 WL 1122029, at *7 (same).

In addition, there is a strong public interest in the integrity of the government's ongoing investigation, which, as discussed above, could be hampered by the civil discovery process.

      D.      <u>The Civil Party Will Not Be Prejudiced by the Proposed Stay</u>

The SEC, which takes no position on the government's motion, and Peltz will save significant resources by allowing the Criminal Case to proceed unencumbered by the burdens of civil proceedings and discovery. If Peltz is convicted in the Criminal Case, he will in all likelihood not proceed to trial in the Civil Case. See <u>SEC v. Freeman</u>, 290 F. Supp. 2d 401, 405 (S.D.N.Y. 2003) ("It is settled that a party in a civil case may be precluded from relitigating issues adjudicated in a prior criminal proceeding and that the Government may rely on the collateral estoppel effect of the conviction in support of establishing the defendant's liability in the subsequent civil action").

A stay would likely streamline discovery for the SEC and Peltz in the Civil Case. <u>See</u> <u>Twenty First Century Corp.</u>, 801 F. Supp. at 1011 (noting that civil discovery due to pending criminal action "may streamline later civil discovery since the transcripts from the criminal case will be available to the civil parties."). The SEC and Peltz would therefore benefit from, as opposed to be prejudiced by, a stay of proceedings and discovery in the Civil Case.

      E.      <u>The Court Will Not Be Inconvenienced If It Stays Proceedings in the Civil Case</u>

The requested stay would not inconvenience the Court. Should the Criminal Case result in a conviction, it could greatly streamline the Civil Case. A stay of civil proceedings is also likely to narrow or eliminate factual issues in the civil litigation. See, e.g., <u>In re Grand Jury Proceedings</u>, 995 F.2d 1013, 1018 n.11 (11th Cir. 1993) ("Although stays delay civil proceedings,

14

they may prove useful as the criminal process may determine and narrow the remaining civil issues."); United States v. Mellon Bank, 545 F.2d 869, 873 (3d Cir. 1976) (affirming a stay of discovery and stating: "it might well have been that resolution of the criminal case would moot, clarify, or otherwise affect various contentions in the civil case."); Shkreli, 2016 WL 1122029, at *6 ("A stay of the civil action while the criminal case moves forward 'would avoid a duplication of efforts and a waste of judicial time and resources.'" (quoting SEC v. Gordon, No. 09 Civ. 61, 2009 WL 2252119, at *5 (N.D. Okla. July 28, 2009))); Brock v. Tolkow, 109 F.R.D. 116, 119-20 (E.D.N.Y. 1985) (in granting a stay, noting that "the resolution of the criminal case might reduce the scope of discovery in the civil case or otherwise simplify the issues"). The Court's time and resources therefore will be preserved throughout the pendency of both the Criminal Case and the Civil Case.

## CONCLUSION

In sum, the interests of the public, the government, the parties and the Court strongly weigh in favor of granting this motion for a stay. In the interests of permitting the government to complete its prosecution of the Criminal Case, as well as the ongoing grand jury investigation, the government respectfully requests that the Court grant its motion for a stay of proceedings in the Civil Case.

Dated:   Brooklyn, New York
        March 25, 2021

                                          Respectfully submitted,

                                          MARK J. LESKO
                                          Acting United States Attorney

                                          /s/ Kaitlin T. Farrell
                                          Kaitlin T. Farrell
                                          Sarah M. Evans
                                          Assistant U.S. Attorneys
                                          (718) 254-7000

Cc:   Clerk of the Court (PKC) (By ECF)
       All Counsel (By E-mail)